IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| KAYLA MAE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. 4:25-cv-451 |
| | § | |
| | § | |
| WIKIMEDIA FOUNDATION, INC., | § | |
| | § | |
| Defendant. | § | JURY TRIAL DEMANDED |

**PLAINTIFF'S ORIGINAL COMPLAINT**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Kayla Mae ("Mae" or "Plaintiff"), Plaintiff in the above-styled and numbered cause, and files this Plaintiff's Original Complaint, complaining of Wikimedia Foundation, Inc. ("Wikimedia" or "Defendant"), and for cause of action, would show as follows:

## I.  INTRODUCTION

1.  This action seeks back pay, front pay, equitable relief, compensatory and punitive damages, attorneys' fees, expert witness fees, taxable costs of court, and pre-judgment and post-judgment interest for sex and disability discrimination, as well as retaliation, suffered by Mae in the course of her employment with Defendant.  Mae complains that she was discriminated against regarding the terms and conditions of her employment because of her sex (transgender female) and gender stereotyping, her disability, and in retaliation for complaining of Defendant's discriminatory actions.   Mae demands a jury on all issues triable to a jury.

## II.  PARTIES

2.  Plaintiff Mae is an individual residing in Grapevine, Texas.  She is a citizen of the United States and has standing to file this lawsuit.

3. Defendant is a Florida non-profit corporation, headquartered in California, and doing business in Texas. Defendant may be served with process through its registered agent, CT Corporation, at 1999 Bryan Street, Suite 900, Dallas, Texas 75201, or wherever the registered agent may be found.

### III.   JURISDICTION AND VENUE

4. This action is brought under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C.A. § 2000e-1, *et seq.*; the Civil Rights Act of 1991, 42 U.S.C. § 1981a; and the Americans with Disabilities Act Amendments Act of 2008, 42 U.S.C.A. § 1201, *et seq.* ("ADA").

5. The unlawful employment practices were committed within the jurisdiction of the United States District Court for the Northern District of Texas–Fort Worth Division, as the entirety of the acts and conduct charged herein occurred in this district.

6. This Court has jurisdiction over all claims in this action. The amount in controversy is within the jurisdictional limits of this Court.

### IV.   PROCEDURAL REQUISITES

7. Mae filed a Charge of Discrimination ("Charge") against Defendant under Charge Number 450-2024-09825 with the Equal Employment Opportunity Commission ("EEOC") on July 23, 2024. In her Charge, Mae claimed that Defendant discriminated against her because of her sex and disability and retaliated against her for complaining about such discrimination.

8. On January 24, 2025, the EEOC issued a Notice of Right to Sue letter ("Right to Sue"), entitling Mae to file an action in this Court. The filing of this lawsuit has been accomplished within ninety (90) days of Mae's receipt of the Right to Sue.

9. All conditions precedent to filing this cause of action have been met.

## V.  FACTS

10. Mae, a transgender female, began working for Defendant on November 1, 2022, as a Senior Software Engineer on its Growth Team. Mae was a 100% remote employee and worked from her home in Bedford, Texas. Defendant is headquartered in San Francisco, California. Mae reported directly to Dennis Mburugu ("Mburugu"), who was located in Kenya, Africa.

11. On February 21, 2023, Mae sent an email to Defendant's Human Resources department complaining of Mburugu's treatment of her. In particular, Mae reported that Mburugu treated her more harshly than other members of her team because of her transgender status and because of her neurodivergence. Mae further reported that Mburugu repeatedly posed inappropriate and invasive questions about Mae's medical history. Defendant investigated and ultimately determined that Mburugu's actions were inappropriate and violated Defendant's policy.

12. On September 18, 2023, Mae sent an email to Tatiana Tompkins ("Tompkins") and DeJa Hamilton ("Hamilton") in Defendant's Human Resources department, wherein Mae requested a transfer to another team due to Mburugu's continued discriminatory treatment towards her. Among other things, Mae mentioned that Mburugu's "transphobic microagressions" and "ableism" were "making [her] dread work."

13. On September 20, 2023, Hamilton emailed Mae and declined Mae's request to transfer to a different team. Hamilton asked to meet "so that we can learn more about your recent experiences."

14. On September 27, 2023, Mae met virtually with Hamilton and Tompkins and Sai Suman Cherukuwada ("Cherukuwada"). During the meeting, Mae was asked whether Mburugu's treatment of her had improved. Mae told them it had not improved and that Mburugu continued to harass her. Cherukuwada then informed Mae that her employment had been terminated.

15. At all times, Mae was qualified for the position that she held with Defendant.

## VI.  SEX DISCRIMINATION UNDER TITLE VII OF THE CIVIL RIGHTS ACT OF 1964

16. Mae incorporates by reference all of the foregoing allegations in each of the paragraphs above as if fully set forth herein.

17. Defendant intentionally discriminated against Mae because of her sex (transgender female) and gender stereotyping when Mburugu treated Mae more harshly than other (non-transgender) members of her team because of her transgender status; when Mburugu posed inappropriate and invasive questions about Mae's medical history; and when Defendant terminated Mae's employment.

18. Defendant acted with malice or, in the alternative, with reckless indifference to the federally protected rights of Mae.

## VII.  RETALIATION UNDER TITLE VII OF THE CIVIL RIGHTS ACT OF 1964

19. Mae incorporates by reference all of the foregoing allegations in each of the paragraphs above as if fully set forth herein.

20. Mae engaged in conduct protected under Title VII when, on February 21, 2023, she complained to Human Resources that Mburugu treated her more harshly than other members of her team because of her transgender status, and that Mburugu repeatedly posed inappropriate and invasive questions about her medical history. Mae further engaged in conduct protected under Title VII when, on September 18, 2023, she complained once again to Tompkins and Hamilton in Human Resources about Mburugu's continued discriminatory treatment towards her, referencing Mburugu's "transphobic microaggressions."

21. In turn, Defendant committed an unlawful employment practice by retaliating against Mae by terminating her employment on September 27, 2023.

22. Further, Defendant acted with malice or, in the alternative, with reckless indifference to the federally protected rights of Mae.

4

23. Defendant's actions were committed maliciously, willfully, and/or with reckless disregard for the protected rights of Mae.

### VIII.  DISABILITY DISCRIMINATION UNDER THE ADA

24. Mae incorporates by reference all of the foregoing allegations in each of the paragraphs above as if fully set forth herein.

25. Defendant discriminated against Mae in violation of the ADA.

26. Mae was subjected to different terms and conditions of employment and was ultimately terminated by Defendant because of her disability, as that term is defined under the ADA.

27. Defendant perceived or regarded Mae as being disabled, even though she could perform the essential functions of her job, with or without reasonable accommodation.

28. Defendant's termination of Mae's employment and subjecting her to different terms and conditions of employment constitute disability discrimination under the ADA, 42 U.S.C. § 12101, *et seq.*

29. As a result of Defendant's discriminatory actions, Mae has suffered lost wages in the past and future, loss of future earning capacity, emotional pain and suffering, and mental anguish, all of which were caused by Defendant's treatment of Mae. In all probability, Mae will continue to suffer such damages in the future.

30. Further, Defendant acted with malice or, in the alternative, with reckless indifference to the federally protected rights of Mae.

31. Defendant's actions were committed maliciously, willfully, and/or with reckless disregard for the protected rights of Mae.

### IX.     RETALIATION UNDER THE ADAAA

32. Mae incorporates by reference all of the foregoing allegations in each of the paragraphs above as if fully set forth herein.

33. Defendant retaliated against Mae in violation of the ADA.

34. Mae engaged in conduct protected under the ADA when on February 21, 2023, she put Defendant on notice of her medical condition and when she complained to Human Resources about Mburugu's inappropriate and invasive questions about Mae's medical history. Mae further engaged in conduct protected under the ADA when, on September 18, 2023, she complained once again to Tompkins and Hamilton in Human Resources about Mburugu's continued discriminatory treatment towards her.

35. Mae was subjected to an adverse employment action following her engagement in protected conduct. Specifically, Defendant terminated Mae on September 27, 2023.

36. There was a causal link between the protected conduct and the adverse employment action.

### X.     DAMAGES

37. As a result of Defendant's conduct, Mae seeks the following relief: (1) back pay; (2) front pay; (3) loss of wages and benefits in the past and the future; (4) costs of court and attorneys' fees; (5) mental anguish and emotional distress in the past and future; and (6) compensatory damages.

38. Additionally, since Defendant's actions were committed maliciously, willfully, or with reckless indifference to Mae's federally protected rights, Mae is entitled to recover punitive, liquidated, and/or exemplary damages in an amount sufficient to deter Defendant and others similarly situated from this conduct in the future.

## XI.  JURY DEMAND

39. Mae requests a trial by jury on issues triable by a jury in this case.

## XII.  PRAYER

WHEREFORE, Plaintiff Kayla Mae respectfully prays that upon final trial hereof, this Court grant her appropriate back pay, including, but not limited to, her salary and benefits; reinstatement, or if reinstatement is deemed not feasible, front pay, including, but not limited to, her salary and benefits; mental anguish and emotional distress in the past and the future; compensatory damages; punitive damages as allowed by law; reasonable attorneys' fees both for the trial of this cause and any and all appeals as may be necessary; all expert witness fees incurred in the preparation and prosecution of this action; pre-judgment and post-judgment interest as allowed by law; taxable court costs; and any such additional and further relief that this Court may deem just and proper.

Respectfully submitted,

**KILGORE & KILGORE, PLLC**

By: */s/ Daryl J. Sinkule*
DARYL J. SINKULE
State Bar No. 24037502
3141 Hood Street, Suite 500
Dallas, Texas 75219
Telephone: (214) 969-9099
Facsimile: (214) 379-0843

**ATTORNEYS FOR PLAINTIFF
KAYLA MAE**