IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| KAYLA MAE, | § | |
| | § | |
|    *Plaintiff*, | § | |
| | § | |
| v. | § | CASE NO. 4:25-cv-00451-O |
| | § | |
| WIKIMEDIA FOUNDATION, INC., | § | |
| | § | |
|    *Defendant*. | § | |

## DEFENDANT'S ANSWER TO PLAINTIFF'S ORIGINAL COMPLAINT

Defendant Wikimedia Foundation, Inc. ("Defendant") files its Answer to Plaintiff Kayla Mae's ("Plaintiff") Original Complaint (the "Complaint").

### I.    INTRODUCTION

1. Defendant neither admits nor denies the statements in Paragraph 1 of the Complaint as it appears to require no factual response.

### II.    PARTIES

2. Defendant admits the allegations in Paragraph 2 of the Complaint on information and belief.

3. Defendant admits the allegations in Paragraph 3 of the Complaint.

### III.    JURISDICTION AND VENUE

4. Defendant neither admits nor denies the statements in Paragraph 4 of the Complaint as it appears to require no factual response.

5. Defendant neither admits nor denies the allegations of Paragraph 5 of the Complaint as they appear jurisdictional in nature and require no factual response

6. Defendant neither admits nor denies the allegations of Paragraph 6 of the Complaint as they appear jurisdictional in nature and require no factual response

### IV.   PROCEDURAL REQUISITES

7. Defendant admits the allegations in Paragraph 7 of the Complaint.

8. Defendant admits the allegations in Paragraph 8 of the Complaint.

9. Defendant denies the allegations in Paragraph 9 of the Complaint.

### V.   FACTS

10. Defendant admits the allegations in Paragraph 10 of the Complaint.

11. In response to the first sentence of Paragraph 11 of the Complaint, Defendant admits that, after Plaintiff's supervisor informed Plaintiff he was going to place her on a Performance Improvement Plan, Plaintiff sent an email to Defendant's Human Resources Department complaining of her supervisor. Defendant admits the allegations in the second sentence of Paragraph 11 of the Complaint. Defendant denies the allegations in the third sentence of Paragraph 11 of the Complaint. Defendant denies the allegations in the fourth sentence of Paragraph 11 of the Complaint.

12. Defendant admits the allegations in Paragraph 12 of the Complaint.

13. Defendant admits the allegations in Paragraph 13 of the Complaint.

14. Defendant admits the allegations in the first sentence of Paragraph 14 of the Complaint. Defendant admits the allegations in the second sentence of Paragraph 14 of the Complaint. Defendant denies the third sentence of Paragraph 14 as written; the Plaintiff did not state her supervisor had overtly harassed her but stated that she felt that she experienced microaggressions. Defendant admits the allegations in the fourth sentence of Paragraph 14 of the Complaint.

15. Defendant denies the allegations in Paragraph 15 of the Complaint.

### VI. SEX DISCRIMINATION UNDER TITLE VII OF THE CIVIL RIGHTS ACT OF 1964

16. In response to Paragraph 16 of the Complaint, Defendant reasserts its responses to the prior paragraphs of the Complaint.

17. Defendant denies the allegations in Paragraph 17 of the Complaint.

18. Defendant denies the allegations in Paragraph 18 of the Complaint.

### VII. RETALIATION UNDER TITLE VII OF THE CIVIL RIGHTS ACT OF 1964

19. In response to Paragraph 19 of the Complaint, Defendant reasserts its responses to the prior paragraphs of the Complaint.

20. Defendant denies the allegations in Paragraph 20 of the Complaint.

21. Defendant denies the allegations in Paragraph 21 of the Complaint.

22. Defendant denies the allegations in Paragraph 22 of the Complaint.

23. Defendant denies the allegations in Paragraph 23 of the Complaint.

### VIII. DISABILITY DISCRIMINATION UNDER THE ADA

24. In response to Paragraph 24 of the Complaint, Defendant reasserts its responses to the prior paragraphs of the Complaint.

25. Defendant denies the allegations in Paragraph 25 of the Complaint.

26. Defendant denies the allegations in Paragraph 26 of the Complaint.

27. Defendant denies the allegations in Paragraph 27 of the Complaint.

28. Defendant denies the allegations in Paragraph 28 of the Complaint.

29. Defendant denies the allegations in Paragraph 29 of the Complaint.

30. Defendant denies the allegations in Paragraph 30 of the Complaint.

31. Defendant denies the allegations in Paragraph 31 of the Complaint.

## IX.   RETALIATION UNDER THE ADAAA

32. In response to Paragraph 32 of the Complaint, Defendant reasserts its responses to the prior paragraphs of the Complaint.

33. Defendant denies the allegations in Paragraph 33 of the Complaint.

34. Defendant denies the allegations in Paragraph 34 of the Complaint.

35. Defendant denies the allegations in Paragraph 35 of the Complaint.

36. Defendant denies the allegations in Paragraph 36 of the Complaint.

## X.   DAMAGES

37. Defendant denies the allegations in Paragraph 37 of the Complaint.

38. Defendant denies the allegations in Paragraph 38 of the Complaint.

## XI.   JURY DEMAND

39. Defendant neither admits nor denies the statements in Paragraph 39 of the Complaint as it appears to require no factual response.

## XII.   PRAYER

Defendant denies that Plaintiff is entitled to the relief sought in the Prayer of the Complaint.

## DEFENDANT'S DEFENSES AND AFFIRMATIVE DEFENSES

Pleading further, and in the alternative as necessary, Defendant asserts the following defenses and affirmative defenses.

1. Plaintiff's claims are barred, in whole or in part, by the doctrines of waiver, estoppel, and/or after-acquired evidence.

2. Defendant invokes all statutory limitations of liability applicable to any and all asserted causes of action in this case, including all applicable exemplary damage caps or limitations.

3. Some or all of Plaintiff's claims are barred, in whole or in part, by her failure to exhaust administrative remedies or otherwise comply with all conditions precedent to the filing of claims asserted in this action.

4. Plaintiff's Complaint fails in whole or in part to state a claim upon which relief can be granted.

5. Defendant affirmatively asserts that Plaintiff's own acts or omissions caused or contributed to her alleged damages.

6. Any action taken outside the course and scope of an employee of Defendant's employment and contrary to Defendant's policies, was not ratified, confirmed, or approved by Defendant.

7. Defendant asserts that it would have made the same employment decision regarding Plaintiff for lawful reasons regardless of any alleged unlawful motive established by Plaintiff; nonetheless, Defendant denies that unlawful motives played any role whatsoever in Plaintiff's employment with Defendant.

8. All employment decisions made regarding or affecting Plaintiff were based upon legitimate, non-discriminatory, non-retaliatory, and reasonable business considerations, and were in no way related to Plaintiff's attempts to exercise her rights pursuant to any state or federal statute.

9. If any improper, illegal, or retaliatory actions were taken by any of Defendant's employees against Plaintiff, they were outside the course and scope of that employee's employment, contrary to Defendant's policies, and were not ratified, confirmed, or approved by Defendant. Thus, any such actions cannot be attributed or imputed to Defendant.

10. Defendant asserts that Plaintiff failed to take reasonable steps to adequately mitigate her alleged damages.

11. Defendant is entitled to an offset for income, compensation, and benefits that Plaintiff received after her employment with Defendant ended.

12. Plaintiff's claims for punitive or liquidated damages are barred to the extent they are in violation of the Constitutions of the United States and the State of Texas, or any other applicable law.

13. Plaintiff has no evidence of, and cannot show that Defendant acted with, actual malice or with grossly intentional, willful and/or wanton action.

14. Defendant made good-faith efforts to prevent discrimination and retaliation in the workplace and to comply with federal and state law prohibiting discrimination and retaliation in employment and requiring reasonable accommodations for qualified individuals with disabilities. Defendant made substantial, good faith efforts to accommodate Plaintiff. Moreover, the conduct complained of by Plaintiff, if performed or carried out, was performed or carried out in good faith based upon reasonable grounds for believing such conduct was not in violation of state or federal law, and therefore, Plaintiff fails to state a claim for punitive or exemplary damages.

In addition to the foregoing defenses, Defendant reserves the right to assert any other defenses available upon the completion of discovery.

## PRAYER

WHEREFORE, Defendant respectfully prays that the Court grant a take nothing judgment in favor of Defendant and dismiss all of Plaintiff's causes of action with prejudice. Defendant further seeks any other relief to which it shows itself to be justly entitled.

Dated: July 14, 2025  Respectfully submitted,

By: */s/ Paul E. Hash*
Paul E. Hash
Texas Bar No. 09198020
Paul.Hash@jacksonlewis.com
JACKSON LEWIS P.C.
500 N. Akard, Suite 2500
Dallas, Texas 75201
PH: (214) 520-2400
FX: (214) 520-2008

**ATTORNEY FOR DEFENDANT**

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing document has been served on all counsel of record in accordance with the Federal Rules of Civil Procedure on this 14th day of July, 2025.

Daryl J. Sinkule
Kilgore & Kilgore, PLLC
3141 Hood Street, Suite 500
Dallas, Texas 75219

**Attorney for Plaintiff**

*/s/ Paul E. Hash*
Paul E. Hash